**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50612

_____

PATRICIA HALL,

Plaintiff - Appellee-Cross-Appellant,

versus

ECTOR COUNTY, TEXAS,

Defendant - Appellant-Cross-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas

(MO-95-CA-225)
_____

September 17, 1997

Before POLITZ, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Ector County appeals an adverse jury verdict in a lawsuit brought by Patricia

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hall under the Texas Whistle Blower Act. We affirm in part, vacate in part, and remand for further proceedings.

## BACKGROUND

Hall was a systems administrator for Ector County, and Tom Pace was her supervisor. In 1992 Pace was a candidate for the office of Tax Assessor of Ector County. Pace required Hall to work on his campaign during working hours. Hall complained about this impropriety directly to Pace and eventually reported it to the Ector County personnel director, an Ector County Commissioner, and the Ector County Sheriff's Department.

Hall's working conditions changed dramatically after Pace learned of her reports, confronting her directly and demanding that in the future she should "keep [her] mouth shut." Pace then moved Hall's office from the main annex building to the basement of the courthouse; excluded her from staff meetings and interviews with prospective employees; allowed subordinates to insult her and ignore her instructions; changed her job assignment from systems administrator to computer technician; and, finally, terminated her employment.

Hall filed the instant action against Ector County alleging violations of the Texas Whistle Blower Act.[1] After a two day trial, the jury found that Ector County

---

[1]TEX. GOV'T CODE ANN. §§ 554.001-554.010 (West 1994 & Supp. 1997).

had discriminated against Hall in violation of the Act and awarded her $71,764.15 in general damages and $18,241 in attorney's fees.[2]  Both Ector County and Hall timely appealed.

## ANALYSIS

Ector County maintains that Hall's lawsuit is barred by the applicable statute of limitations.  The Act provides that

> a public employee who seeks relief under this [Act] must sue not later than the 90th day after the date on which the alleged violation of this [Act] . . . occurred. . . .[3]

At trial Hall established numerous acts of discrimination by Pace which violated the Act.  The discriminatory acts commenced in 1992 and continued until Pace terminated Hall in 1995.  The instant action against Ector County was filed October 16, 1995.  Hall is entitled to recover damages only for violations of the Act which occurred within the 90 days preceding the filing of the lawsuit.

Our review of the record reveals that only two violations of the Act occurred within the 90 days preceding the filing of Hall's lawsuit.  The first occurred on

---

[2]The jury also awarded Hall $200,000 in punitive damages, but the district court vacated that award after concluding that punitive damages were not allowable under the Act.  Hall contends that this conclusion is erroneous.  The district court's well-reasoned decision satisfies to the contrary and we affirm same.

[3]TEX. GOV'T CODE ANN. § 554.005 (West 1994).

August 24, 1995 when Pace had Hall's job title changed from systems administrator to computer technician.  That change in job title ensured that Hall would not be eligible to receive a pay increase for several years.  The second occurred on September 5, 1995 when Pace terminated Hall's employment with Ector County.

The jury based its award of damages on the entire course of discriminatory conduct which violated the Act rather than on the two most recent violations of the Act.  Because of this error, we must vacate and remand to the district court so that an appropriate award of damages may be fashioned.  At that time, the district court may make any adjustment in the award of attorney's fees it deems appropriate.  All other points of error urged by the parties are meritless and are rejected.

For the foregoing reasons, we AFFIRM the verdict of the jury as to the liability of Ector County, AFFIRM the disallowance of punitive damages, and otherwise VACATE and REMAND the award of damages and attorney's fees for further proceedings consistent herewith.